UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOE FUENTES,<br><br>Plaintiff,<br><br>v.<br><br>CARL KUENZLI,<br><br>Defendant. | CAUSE NO. 3:26-CV-825-JTM-JEM |

OPINION AND ORDER

Joe Fuentes, a prisoner without a lawyer, filed an amended complaint alleging he was denied constitutionally adequate medical treatment for the macular degineration in his right eye. (DE # 10.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fuentes alleges he was not taken for followup treatment by an outside physician as prescribed. He alleges he lost sight in his right eye as a result. He alleges he was under the care of Dr. Carl Kuenzli at the prison. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice,

or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (cleaned up). This complaint barely has sufficient facts from which it can be plausibly inferred that Dr. Kuenzli made a decision to delay his treatment. Fuentes may not ultimately prevail, but he will be granted leave to proceed on this claim.

Fuentes sues Centurion Medical Group. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). There is no allegation that the delay was the result of a policy or custom. Centurion Medical Group will be dismissed.

Fuentes sues Warden Brian English. There is no allegation that Warden English had any involvement in his medical treatment. Under 42 U.S.C. § 1983, there is no general supervisory liability. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This complaint does not state a claim against Warden English.

For these reasons, the court:

(1) GRANTS Joe Fuentes leave to proceed against Dr. Carl Kuenzli in his individual capacity for compensatory and punitive damages for delaying treatment of the macular degeneration in his right eye in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Centurion Medical Group and Brian English;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Carl Kuenzli at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (DE # 10);

(5) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Carl Kuenzli to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: August 17, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT