**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **JOE FUENTES,** <br> **Plaintiff,** <br> **v.** <br> **BRIAN ENGLISH,** <br> **Defendant.** | **CAUSE NO. 3:26-CV-825-JTM-JEM** |

**OPINION and ORDER**

Joe Fuentes, a prisoner without a lawyer, filed a second amended complaint alleging he was denied constitutionally adequate medical treatment for the macular degeneration in his right eye. (DE # 17.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fuentes alleges he was given an injection in his right eye by Dr. Michael Wild, on June 14, 2024. (DE # 17 ¶ 3.) He alleges Dr. Wild ordered that he be scheduled for another injection eight weeks later. (*Id.* ¶ 4.) He alleges he should have been seen again by Dr. Wild on August 13, 2024. (*Id.* ¶ 7.) He alleges he was not transported back to Dr. Wild until September 27, 2024. (*Id.* at 8.) He alleges Dr. Wild could not provide

additional treatment because of the delay. (*Id.* ¶ 9.) He alleges that he suffered permanent injury as a result. (*Id.* at 11.)

Fuentes sues the defendants for delaying his return appointment and thereby causing his permanent eye injury. He alleges that before he could see Dr. Wild again, Dr. Carl Kuenzli was required to submit an Offsite Provider Request. (DE # 17 ¶ 22.) He does not allege that Dr. Kuenzli delayed submitting a request for the follow-up appointment. This complaint does not state a claim against Dr. Kuenzli.

Fuentes alleges Offsite Provider Requests must be approved by Dr. Stephanie Riley. (DE # 17 at 23.) He alleges she delayed approving the request, but he does not say when she approved it. This complaint does not plausibly allege that her delay caused him to miss his eight-week follow-up appointment. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words

on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Fuentes alleges Warden Brian English controlled "the scheduling, transportation and security of offsite medical appointments." (DE # 17 ¶ 24.) He alleges he personally spoke to Warden English about his need to return for the eight-week follow-up appointment. (DE # 17 at 13.) Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This complaint states a claim against Warden English for denying Fuentes medical treatment by delaying approval for his transport to the eight-week follow-up appointment with Dr. Wild.

Fuentes alleges Health Services Administrator LeeAnn Ivers and the Director of Nursing review requests by offsite medical providers like Dr. Wild. (DE # 17 ¶ 26.) He alleges they sometimes substitute alternative treatment options. (*Id.*) He does not allege they delayed his eight-week follow-up appointment with Dr. Wild or otherwise substituted any alternative treatment for that appointment. This complaint does not state a claim against Administrator Ivers or the Director of Nursing.

Fuentes alleges Centurion Health of Indiana, LLC, has a policy, custom, or practice "that places nurses in direct control over inmate's diagnosis, approval and denial of medical treatment." (DE # 17 at 27.) A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Here, the only surviving claim is against Warden English for delaying his transport to the eight-week follow-up appointment with Dr. Wild. Centurion's policies, whatever they may be, did not cause that delay or his injuries. This complaint does not state a claim against Centurion Health of Indiana, LLC.

Fuentes sues John D. Heflin. (DE # 17 at 1.) There is no mention of Heflin anywhere except the caption of the complaint. There is no indication of who he is or what he did. This complaint does not state a claim against Heflin.

Finally, Dr. Kuenzli filed a motion asking for additional time to respond to the second amended complaint. (DE # 18.) Because this order dismisses him, it is unnecessary for him to answer the complaint and the motion is moot.

For these reasons, the court:

(1) **DENIES** as MOOT the motion (DE # 18) for additional time to answer the second amended complaint;

(2) **GRANTS** Joe Fuentes leave to proceed against Warden Brian English in his individual capacity for compensatory and punitive damages for denying him medical treatment by delaying approval for his transport to the eight-week follow-up appointment with Dr. Wild in August 2024 in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Carl Kuenzli, LeeAnn Ivers, Stephanie Riley, Director, Centurion Health of Indiana LLC, and John D. Heflin;

(5) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Brian English at the Indiana Department of Correction, with a copy of this order and the second amended complaint (DE # 17);

(6) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Warden Brian English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: November 9, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT